**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Hassan Elrakabawy (SBN 248146)
Dhruv Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:   bpaino@mcglinchey.com
  helrakabawy@mcglinchey.com
  dsharma@mcglinchey.com

Attorneys for *Defendants* OCWEN LOAN SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF3, and WESTERN PROGRESSIVE, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRANK CORNEJO, an individual; and DORA CORNEJO, an individual;<br><br>   Plaintiffs,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; U.S. BANCORP d/b/a U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF3, a national association; WESTERN PROGRESSIVE, LLC, a Delaware limited liability company; and DOES 1 THROUGH 100, inclusive;<br><br>   Defendants. | Case No.:  1:15-cv-00993-AWI-JLT<br><br>Hon. Magistrate Judge Jennifer L. Thurston<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Superior Court Case No.: BCV-15-100047-SPC<br>Action Filed: May 14, 2015 |

*Defendants* Ocwen Loan Servicing, LLC ("Ocwen"), U.S. Bank, National Association, as Trustee for the Holders of the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-RF3[1] ("U.S. Bank"), and Western Progressive, LLC ("Western Progressive," and collectively with Ocwen and U.S. Bank, the "Defendants") hereby answer the

---

[1] Erroneously sued herein as U.S. Bancorp d/b/a U.S. Bank National Association as Trustee for Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-RF3

complaint (the "Complaint") filed by *plaintiffs* Frank Cornejo and Dora Cornejo ("Plaintiffs") as follows:

## PARTIES

1. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

2. Ocwen admits that it is a limited liability company organized under the laws of the State of Delaware and that it is authorized to conduct business in Kern County, California. Ocwen further admits that it is the servicer of Plaintiffs' mortgage loan described herein. Except as admitted herein, Defendants state that the remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations.

3. Western Progressive admits that it is a limited liability company organized under the laws of the State of Delaware and that it is authorized to conduct business in Kern County, California. Western Progressive further admits that it is the duly appointed substitute trustee under that certain deed of trust (the "Trust Deed") executed by Plaintiffs on or about July 27, 1992, which secured a loan (the "Loan") in the original principal sum of $113,400.00 and encumbered the real property located at 3425 Rancho Sierra Street, Bakersfield, CA (the "Property"). Except as admitted herein, Defendants state that the remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations.

4. U.S. Bank admits that it is a national banking association organized under the laws of the United States of America and that it is authorized to conduct business in Kern County, California. U.S. Bank further admits that it is the duly appointed trustee of the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-RF3 Trust. The allegation in this paragraph that U.S. Bank's conduct brought it under the proper jurisdiction of this Court is a legal conclusion to which no response is required. Defendants admit that U.S. Bank is the beneficiary under the Trust Deed and owner of the Loan, and that Ocwen is U.S. Bank's authorized servicing agent. Defendants further admit that, by virtue of the allegations in this paragraph,

Plaintiffs purport to define U.S. Bank and Ocwen collectively throughout the Complaint as "Defendant Ocwen," unless specifically named individually. Except as admitted herein, Defendants lack sufficient information or belief to enable them to answer the remaining allegations in this paragraph and, on that basis, deny the allegations.

5. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

6. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

## GENERAL ALLEGATIONS

7. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

8. Admit that Plaintiffs were the record owners of the Property. Except as admitted herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

9. Admit that Plaintiffs executed the Trust Deed on or about July 28, 1992, and that the Trust Deed encumbered the Property as a first priority lien.

10. Admit that the beneficial interest under the Trust Deed was assigned to U.S. Bank and that an Assignment of Deed of Trust was recorded against the Property on May 7, 2013, in the Official Records of Kern County, California, as Document No. 0213063394, memorializing the assignment.

11. Admit that Ocwen is the authorized servicing agent of the Loan on behalf of U.S. Bank. Except as admitted herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

12. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

13. Admit that a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property on October 22, 2014, in the Official Records of Kern County, California, as

1  Document No. 2014131229. In further response to this paragraph, Defendants state that the
2  document identified in the paragraph as Exhibit A speaks for itself.

3        14.     The allegations in this paragraph constitute legal conclusions to which no response is
4  required. To the extent a response is deemed necessary, Defendants deny any characterization of
5  Cal. Civ. Code § 2924, which speaks for itself, and respectfully refer the Court to the statute for a
6  complete and accurate statement of its contents.

7        15.     The allegations in this paragraph constitute legal conclusions to which no response is
8  required. To the extent a response is deemed necessary, Defendants deny the allegations.

9        16.     Deny.

10       17.     Deny.

11       18.     Ocwen admits that it sent Plaintiffs a letter on or about December 16, 2014, detailing
12 potential loss mitigation options with respect to the Loan and that a Request for Mortgage
13 Assistance/Hardship Affidavit was enclosed with the letter, but deny that the letter represented the
14 first time Ocwen contacted Plaintiffs to discuss foreclosure prevention alternatives.

15       19.     Admit that a Notice of Trustee's Sale ("<u>NOS</u>") was recorded against the Property on
16 February 23, 2015, in the Official Records of Kern County, California, as Document No. 2015-
17 20194. In further response to this paragraph, Defendants state that the document identified in the
18 paragraph as Exhibit B speaks for itself.

19       20.     Admit that the NOS put interested parties on notice that the Property would be sold at
20 a public auction on March 27, 2015, and that the sale was postponed to April 29, 2015, but deny that
21 Plaintiffs were not provided with notice of the postponement of the sale.

22       21.     Defendants lack sufficient information or belief to enable them to answer the
23 allegations in this paragraph and, on that basis, deny the allegations.

24       22.     Ocwen admits that it spoke with Plaintiffs on or about March 16, 2015, regarding
25 their default on the Loan and loss mitigation alternatives, but denies that it advised Plaintiffs that
26 they were pre-approved for a modification of the Loan. Except as stated herein, Defendants lack
27 sufficient information or belief to enable them to answer the allegations in this paragraph and, on
28 that basis, deny the allegations.

23. Ocwen admits that it received a loan modification application from Plaintiffs in April of 2015, but denies that the application was complete as of April 15, 2015. Except as stated herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

24. Deny.

25. Admit.

26. Ocwen admits that it sent Plaintiffs a letter on or about April 30, 2015, wherein it acknowledged its receipt of documents in connection with a loan modification application and expressly informed Plaintiffs that it may require additional documents to complete the application. Defendants deny any implication in this paragraph that Ocwen advised Plaintiffs in the April 30, 2015 letter that their application was complete.

27. Deny.

28. Deny.

29. Ocwen admits that the Property was sold at a nonjudicial foreclosure sale. Except as admitted, Defendants deny the allegations in this paragraph.

30. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

31. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

32. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

33. Deny.

34. Admit that the Property was sold at a nonjudicial foreclosure sale on April 29, 2015. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

35. Admit that the Property was sold at a nonjudicial foreclosure sale on April 29, 2015, and that, on May 7, 2015, a Trustee's Deed Upon Sale (the "TDUS") was recorded against the

1  Property in the Official Records of Kern County, California, as Document No. 2015-57029.
2  Defendants deny that the foreclosure sale was wrongful.

3  36. Deny.

4  37. Deny.

5  38. Admit that, by virtue of the pleaded claims in the Complaint, Plaintiffs purport to seek recovery of monetary damages against Defendants pursuant to Cal. Civ. Code § 2924.12(b), but deny that Plaintiffs are entitled to any such relief. Defendants deny the remaining allegations in this paragraph.

9  39. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

## FIRST CAUSE OF ACTION

## INJUNCTIVE RELIEF

**(Against Defendants Ocwen, Beneficiary and Western)**

40. Defendants repeat and re-allege paragraphs 1 through 39 above and incorporate them as if fully set forth herein.

41. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924.12(a)(1), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

42. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924.12(a)(1), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

43. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924.12(a) and Cal. Civ. Code §§ 526-527, which speak for themselves, and respectfully refer the Court to the statutes for a complete and accurate statement of their contents. Defendants deny the allegations in the second sentence of this paragraph.

44. Deny.

45. Deny.

46. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE § 2923.6(c)

### (Against Defendants Ocwen, Beneficiary and Western)

47. Defendants repeat and re-allege paragraphs 1 through 46 above and incorporate them as if fully set forth herein.

48. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.6, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

49. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.6(c), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

50. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.6(c), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

51. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code §§ 2924.12(a) and 2923.6(c), which speak for themselves, and respectfully refer the Court to the statutes for a complete and accurate statement of their contents. Defendants deny the allegations in the second sentence of this paragraph.

52. Admit that Plaintiffs submitted an application to Ocwen for a modification of the Loan in April of 2015, but deny that Ocwen deemed the application to be complete as of the time

and date of the foreclosure sale of the Property. In further response to this paragraph, Defendants state that the document identified as Exhibit C speaks for itself. Except as stated herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

53. Admit that Plaintiffs submitted an application to Ocwen for a modification of the Loan, but deny that Ocwen deemed the application to be complete as of the time and date of the foreclosure sale of the Property. Except as stated herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

54. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that Ocwen deemed Plaintiffs to have a complete application as of the time and date of the foreclosure sale of the Property.

55. Admit that the Property was sold to a third party at an April 29, 2015 nonjudicial foreclosure sale and that the TDUS was recorded against the Property. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that the foreclosure sale of the Property violated Cal. Civ. Code § 2923.6(c).

56. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

57. Deny.

58. Deny.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF CAL. CIV. CODE § 2924.10

**(Against Defendants Ocwen, Beneficiary and Western)**

59. Defendants repeat and re-allege paragraphs 1 through 59 above and incorporate them as if fully set forth herein.

///

60. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.6, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

61. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924.10, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

62. Deny.

63. Admit that Plaintiffs submitted a loan modification application to Ocwen using Ocwen's approved Request for Mortgage Assistance form, but deny that Plaintiffs submitted all necessary documents to Ocwen within the reasonable timeframe established by Ocwen for submitting such documents.

64. Admit that Plaintiffs submitted a loan modification application to Ocwen, but deny that the application was deemed complete as of the time and date of the foreclosure sale of the Property.

65. Deny.

66. Admit that the Property was sold at a nonjudicial foreclosure sale on April 29, 2015, but deny that Defendants failed to provide Plaintiffs with necessary written acknowledgements and disclosures.

67. Admit that Ocwen sent Plaintiffs a correspondence on or about April 30, 2015, acknowledging its receipt of documents, but deny that Ocwen deemed Plaintiffs' application to be complete as of the time and date of the foreclosure sale.

68. Deny.

69. Deny.

///

///

///

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE § 2923.55

### (Against Defendants Ocwen, Beneficiary and Western)

70. Defendants repeat and re-allege paragraphs 1 through 69 above and incorporate them as if fully set forth herein.

71. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

72. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.55, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

73. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2923.55, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

74. Deny.

75. Deny.

76. Admit. In further response to this paragraph, Defendants state that the document identified as Exhibit A speaks for itself.

77. Deny.

78. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

79. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

80. Deny.

///

## FIFTH CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

### (Against Defendants Ocwen and Beneficiary)

81. Defendants repeat and re-allege paragraphs 1 through 80 above and incorporate them as if fully set forth herein.

82. Ocwen admits that it spoke with Plaintiffs on or about March 16, 2015, regarding their default on the Loan and loss mitigation alternatives, but denies that it advised Plaintiffs that they were pre-approved for a modification of the Loan. Except as stated herein, Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

83. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

84. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

85. Deny that Defendants advised Plaintiffs that the April 29, 2015 foreclosure sale would be postponed. Defendants lack sufficient information or belief to enable them to answer the remaining allegations in this paragraph and, on that basis, deny the allegations.

86. Admit that the Property was sold at a nonjudicial foreclosure sale on April 29, 2015, but deny the remainder of the allegations in this paragraph.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

94. Deny.

95. Admit that the Property was sold at a nonjudicial foreclosure sale on April 29, 2015, but deny the remaining allegations in this paragraph.

96. Deny.

97. Deny the allegations in the first sentence of this paragraph. Defendants lack sufficient information or belief to enable them to answer the remaining allegations in this paragraph and, on that basis, deny the allegations.

98. Defendants lack sufficient information or belief to enable them to answer the allegations in this paragraph and, on that basis, deny the allegations.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

### (Against Defendants Ocwen and Beneficiary)

99. Defendants repeat and re-allege paragraphs 1 through 98 above and incorporate them as if fully set forth herein.

100. Admit that Plaintiffs submitted a loan modification application to Ocwen in April of 2015, but deny that the application was deemed complete as of the time and date of the foreclosure sale of the Property.

101. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

102. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

103. Deny.

    a. Deny.

    b. Deny.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny.

    g. Deny.

    h. Deny.

    i. Deny.

    j. Deny.

    k. Deny.

    l. Deny.

    m. Deny.

    n. Deny.

  104. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

  105. Deny.

# SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CIVIL CODE § 2924(a)(5)

**(Against Defendants Ocwen and Beneficiary)**

  106. Defendants repeat and re-allege paragraphs 1 through 105 above and incorporate them as if fully set forth herein.

  107. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Civ. Code § 2924(a)(5), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

  108. Admit. In further response to this paragraph, Defendants state that the document identified as Exhibit B speaks for itself.

  109. Admit.

  110. Deny.

  111. Deny.

  112. Deny.

  113. Deny.

///

///

## EIGHTH CAUSE OF ACTION

## VIOLATIONS OF BUS. & PROF. CODE §§ 17200, *et seq.*

(Against Defendants Ocwen and Beneficiary)

114. Defendants repeat and re-allege paragraphs 1 through 113 above and incorporate them as if fully set forth herein.

115. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Cal. Bus. & Prof. Code § 17200, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

121. Deny, except admit that, by virtue of their pleaded claims, Plaintiffs purport to seek injunctive relief.

122. Deny, except admit that, by virtue of their pleaded claims, Plaintiffs purport to seek restitution.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred by the doctrines of waiver and estoppel due to Plaintiffs' own acts and/or omissions with respect to the subject matter of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred by the doctrine of laches due to Plaintiffs' own acts and/or omissions with respect to the subject matter of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred because any injuries, damages, losses and/or detriment suffered by Plaintiffs, if any, were the result of their failure to use reasonable means to mitigate their damages in this action, and otherwise exercise due and ordinary care on their own behalf.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred because Defendants acted in full compliance with California Civil Code §§ 2923, *et seq*. and 2924, *et seq*.

///

///

///

DEFENDANTS' ANSWER PLAINTIFFS' COMPLAINT

555770.1

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Tender)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred because Plaintiffs have not tendered (or offered to tender) the undisputed amount owing under the Loan and, therefore, they lack standing to bring this action.

**EIGHTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred by reason of the doctrine of assumption of risk.

**NINTH AFFIRMATIVE DEFENSE**

(Breach)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred because Plaintiffs failed to comply with the terms of the Loan by timely tendering the payments due thereunder. Conversely, Defendants have not breached any of the terms of the Loan.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Damages)

Defendants are informed and believe, and on that basis allege, that the Complaint and each of its causes of action are barred because Plaintiffs have not suffered damages as a result of the conduct alleged in the Complaint. Instead, Plaintiffs' damages, if any, were directly attributable their own conduct in defaulting under the terms of the Loan.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Justified Conduct)

Defendants are informed and believe, and on that basis allege, that their conduct was justified and privileged under the circumstances, that Defendants have done no more than insist upon their legal rights, that Defendants' actions were done in a good faith belief that they were acting under a legal right, and that their actions, if any, were done in response to Plaintiffs' failure to pay the sums due pursuant to the Loan.

## TWELFTH AFFIRMATIVE DEFENSE

(Unstated Defenses)

Defendants state that they do not presently know all facts concerning Plaintiffs' conduct and their enumerated or potential causes of action sufficient to state all affirmative defenses at this time. Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event that they later discover facts supporting such defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That the Complaint be dismissed in its entirety;

3. That Defendants be awarded their costs of suit incurred in this action; and

4. That Defendants be awarded such other and further relief as the court deems just and proper.

DATED:  September 1, 2015              **McGLINCHEY STAFFORD**

By: */s/  Brian A. Paino*
    BRIAN A. PAINO
    HASSAN ELRAKABAWY
    DHRUV SHARMA
Attorneys for *Defendants* **OCWEN LOAN SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF3, and WESTERN PROGRESSIVE, LLC**

## PROOF OF SERVICE

**STATE OF CALIFORNIA** )
                        ) ss.
**COUNTY OF ORANGE** )

I, Carol Rico, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On September 1, 2015, I served the document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** as follows:

☐ **BY MAIL**: As follows:

    ☐ **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 1, 2015, at Irvine, California.

_____
Carol Rico

550597.1

## SERVICE LIST
USDC, Eastern District Case No. 1:15-cv-00993-AWI-JLT
FRANK CORNEJO, et al. v. OCWEN LOAN SERVICING, LLC, et al.
File # 104938.0948

| | |
|---|---|
| Giandominic Vitiello, Esq.<br>KATCHKO, VITIELLO & KARIKOMI, PC<br>11500 W. Olympic Blvd., Suite 400<br>Los Angeles, CA  90064 | Attorney for Plaintiffs **FRANK CORNEJO and DORA CORNEJO**<br><br>Tel: (310) 943-9587<br>Fax: (424) 204-0401 |

550597.1