UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CORNEJO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants. | Case No.:  1:15-cv-00993-JLT<br><br>**ORDER GRANTING THE STIPULATION TO AMEND THE CASE SCHEDULE**<br><br>**(Doc. 22)** |

Defendants removed this matter to this Court on June 29, 2015.  (Doc. 1)  They then answered the complaint on September 1, 2015.  (Doc. 6)  Nearly two months later, Defendants moved for judgment on the pleadings, which the Court granted in part.  (Docs. 11, 16)  Plaintiffs filed their first amended complaint several weeks later and the defendants answered, several weeks after that.  (Docs. 17, 18)

In the meanwhile, on October 28, 2015, the Court held a scheduling conference and issued the case schedule, which detailed the deadlines by which the parties would complete case activities. (Doc. 10)  Despite this, counsel have failed to conduct discovery, choosing instead to expend their efforts toward resolving the matter. (Doc. 22 at 3)  While these efforts have resolved one claim and agreed to strike certain allegations made in the complaint, they did not resolve the balance of the matter despite the passage of nearly four months since plaintiffs filed their amended complaint. Now the parties find themselves in the unenviable situation in which they have completely exhausted

1

their non-expert discovery time and are unprepared to move forward.

## I. Discussion and Analysis

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the Court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

The parties must show good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. **The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.** Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted), emphasis added. Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Despite these standards, counsel provide no explanation why they chose to disregard the case schedule and to ignore their obligations to conduct discovery for their clients. Indeed, settlement efforts were not an unforeseen circumstance and they should have alerted the Court at the scheduling

conference of the need for the schedule to accommodate these discussions.  Alternatively, the parties could have filed a stipulation to stay the case while they engaged in settlement discussions.  Finally, while the Court applauds the parties' efforts to resolve the matter amicably, counsel don't explain why it took them almost four months to realize they could not resolve the entire case or why they believed they were on firm footing ignoring the case schedule.  Notably, the scheduling order explicitly warned them against this conduct.  It reads,

> The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.
>
> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

(Doc. 10 at 6)  Emphasis in the original. The order continues, "Failure to comply with this order may result in the imposition of sanctions." Id.  Thus, the stipulation fails to provide good cause to amend the case schedule.  On the other hand, the length of time needed for the pleadings to settle after the Court issued the case schedule, *does* warrant additional discovery time.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The stipulation to amend the case schedule is **GRANTED**;
2. The parties SHALL complete all discovery, non-expert and expert, **no later than June 13, 2016**;
3. The parties SHALL file non-dispositive motions **no later than June 20, 2016**.  Such motions will be heard no later than **July 18, 2016**;
4. The parties SHALL file dispositive motions **no later than July 15, 2016**. Such motions will be heard no later than **August 12, 2016** at 10:00 a.m.;

///

///

3

5. The pretrial conference is **CONTINUED** to **August 29, 2016**, at 8:30 a.m.

IT IS SO ORDERED.

Dated:   **April 28, 2016**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE