**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Hassan Elrakabawy (SBN 248146)
Dhruv M. Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:    (949) 381-5900
Facsimile:    (949) 271-4040
Email:    bpaino@mcglinchey.com
    helrakabawy@mcglinchey.com
    dsharma@mcglinchey.com

Attorneys for *Defendants* **OCWEN LOAN SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF3, and WESTERN PROGRESSIVE TRUSTEE, LLC, d/b/a WESTERN PROGRESSIVE, LLC**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRANK CORNEJO, an individual; and DORA CORNEJO, an individual;<br><br>       Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; U.S. BANCORP d/b/a U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF3, a national association; WESTERN PROGRESSIVE, LLC, a Delaware limited liability company; and DOES 1 THROUGH 100, inclusive;<br><br>       Defendants. | Case No.:  1:15-cv-00993-AWI-JLT<br><br>Hon. Magistrate Judge Jennifer L. Thurston<br><br>**DECLARATION OF OCWEN LOAN SERVICING, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

I, Howard R. Handville, declare as follows:

1.    I am employed as a Senior Loan Analyst by Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC ("Ocwen") and am authorized to sign this declaration on Ocwen's behalf.

2.    As part of my job responsibilities for Ocwen, I have personal knowledge of and am

familiar with the types of records maintained by Ocwen and the procedures for creating and maintaining those records, including the procedures for integrating records from prior loan servicers and lenders. I have access to and have reviewed Ocwen's books, records and files that pertain to the loan (the "Loan") given to Frank Cornejo and Dora Cornejo ("Borrowers").

3.     The information in this declaration is taken from Ocwen's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Ocwen's regularly conducted business activities; and (c) it is the regular practice of Ocwen to make such records.

4.     Ocwen utilizes industry-standard computer systems to store and generate its records, including loan servicing records, in the course of its business. These systems are maintained to assure reliability and accuracy in the storage and retrieval of information. Ocwen trains and authorizes its personnel to store and access information from its computer systems and the records contained therein. I am authorized and trained to access information from Ocwen's computer systems and the records.

### THE SERVICING OF THE LOAN

5.     On or about February 16, 2013, Ocwen acquired the servicing rights to the Loan from GMAC Mortgage, LLC ("GMACM"). In connection with its acquisition of the servicing rights to the Loan, Ocwen received GMACM's business records and documents related to the Loan. These records and documents were integrated into Ocwen's records and Ocwen regularly relies on the records in the normal course of its business.

6.     As the servicer of the Loan, Ocwen has the contractual right and responsibility to service the Loan on behalf of U.S. Bank National Association, as Trustee for the Holders of the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-RF3 ("U.S. Bank").

7.     In its capacity as the servicer of the Loan, Ocwen is responsible for, among other things, collecting monthly payments, establishing and maintaining escrow accounts for the payment

**DECLARATION OF OCWEN LOAN SERVICING, LLC**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

1  of real estate taxes and hazard insurance, providing borrowers with certain financial reports, and,
2  where appropriate, initiating foreclosure proceedings. Additionally, Ocwen is responsible for
3  reviewing borrowers for loan modifications or other alternatives to foreclosure.

### THE LOAN

5  8.      The Loan is evidenced by that certain promissory note (the "Note") executed by
6  Borrowers in the original principal sum of $113,400.00, which is dated July 27, 1992. A true and
7  correct copy of the Note is attached hereto as **Exhibit 1**.

8  9.      Pursuant to that certain deed of trust (the "Deed of Trust"), dated July 27, 1992,
9  Borrowers obligations under the Note were secured by the real property located at 3425 Rancho
10 Sierra Street, Bakersfield, CA 93306 (the "Property"). A true and correct copy of the Deed of Trust
11 is attached hereto as **Exhibit 2**.

12 10.     The beneficial interest under the Deed of Trust was assigned to U.S. Bank. True
13 correct copies of the assignments of the Deed of Trust are collectively attached hereto as **Exhibit 3**.

14 11.     On or about September 11, 2013, Ocwen sent Borrowers a Demand letter wherein it
15 notified them that they were in default under the Loan. Borrowers were in continuous default under
16 the Loan from June 1, 2013, through April 29, 2015. A true and correct copy of the letter is attached
17 hereto as **Exhibit 4**.

### THE LOSS MITIGATION EFFORTS

#### *The First Application*

20 12.     On September 25, 2013, an Ocwen representative spoke with Dora Cornejo via
21 telephone at which time she requested a loan modification application (the "First Application") and
22 explained that Borrowers were encountering financial issues. True and correct copies of relevant
23 excerpts from Ocwen's records regarding the September 25, 2013 call with Mrs. Cornejo are
24 collectively attached hereto as **Exhibit 5**.

25 13.     On or about September 26, 2013, Ocwen sent Borrowers a letter that included
26 instructions for submitting a loan modification application and a blank loan modification application
27 (the "First Application"). Ocwen did not receive the completed First Application from Borrowers. A

28

**DECLARATION OF OCWEN LOAN SERVICING, LLC**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

true and correct copy of Ocwen's September 26, 2013 letter is attached hereto as **Exhibit 6**.

### *The Second Application*

14.     On October 29, 2013, an Ocwen representative spoke with Borrowers via telephone at which time they requested a modification of the Loan. During the call, Ocwen agreed to provide Borrowers with a loan modification application and Borrowers agreed to return the completed application to Ocwen by November 18, 2013. True and correct copies of relevant excerpts from Ocwen's records regarding the October 29, 2013 call with Borrowers are collectively attached hereto as **Exhibit 7**.

15.     On October 30, 2013, Ocwen sent Borrowers a letter that included instructions for submitting a loan modification application and a blank loan modification application (the "Second Application"). The letter instructed Borrowers to submit the completed Second Application by November 29, 2013. Ocwen did not receive the completed Second Application from Borrowers. A true and correct copy of Ocwen's October 30, 2013 letter is attached hereto as **Exhibit 8**.

### *The Third Application*

16.     On January 24, 2014, an Ocwen representative spoke with Dora Cornejo via telephone at which time she expressed an interest in being considered for a modification of the Loan. During the call, Mrs. Cornejo explained to Ocwen that Borrowers suffered a financial hardship caused by a slowdown in their business. In response, Ocwen agreed to provide Borrowers with a loan modification application. True and correct copies of relevant excerpts from Ocwen's records regarding the January 24, 2014 call with Mrs. Cornejo are collectively attached hereto as **Exhibit 9**.

17.     On January 30, 2014, Ocwen sent Borrowers a letter that included instructions for submitting a loan modification and a blank loan modification application (the "Third Application"). The letter instructed Borrowers to submit the completed application by no later than April 24, 2014. Ocwen did not receive the completed Third Application from Borrowers. A true and correct copy of Ocwen's January 30, 2014 letter is attached hereto as **Exhibit 10**.

### *The Fourth Application*

18.     On December 15, 2014, an Ocwen representative spoke with Dora Cornejo via

**DECLARATION OF OCWEN LOAN SERVICING, LLC**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

1  telephone at which time she requested a loan modification application and explained that Borrowers
2  suffered a financial hardship caused by a reduction in their self-employment income. During the call,
3  Ocwen agreed to provide Borrowers with a loan modification application and Mrs. Cornejo agreed
4  to return the application within 15 days. True and correct copies of relevant excerpts from Ocwen's
5  records regarding the December 15, 2014 call with Mrs. Cornejo are collectively attached hereto as
6  **Exhibit 11**.

7       19.     On December 16, 2014, Ocwen mailed Borrowers a loan modification application
8  (the "Fourth Application"). The Fourth Application advised Borrowers that the completed
9  application must be submitted to Ocwen at least seven business days prior to any scheduled
10  foreclosure sale. A true and correct copy of the Fourth Application is attached hereto as **Exhibit 12**.

11                          *The Fifth Application*

12       20.     On February 17, 2015, Ocwen sent Borrowers another loan modification application
13  (the "Fifth Application"). Ocwen did not receive the completed Fifth Application from Borrowers. A
14  true and correct copy of the application is attached hereto as **Exhibit 13**.

15       21.     On February 20, 2015, an Ocwen representative spoke with Dora Cornejo via
16  telephone at which time the representative informed Mrs. Cornejo that Ocwen had not received any
17  loan modification applications from Borrowers. True and correct copies of relevant excerpts from
18  Ocwen's records regarding the February 20, 2015 call with Mrs. Cornejo are collectively attached
19  hereto as **Exhibit 14**.

20                          *The Submitted Application*

21       22.     On March 16, 2015, an Ocwen representative spoke with Frank Cornejo who
22  requested a postponement of the foreclosure sale of the Property, which had been scheduled for
23  March 27, 2015. During the call, Mr. Cornejo was advised that merely applying for a modification of
24  the Loan would not stop the scheduled sale. At no point during the call or any point in time
25  thereafter did Ocwen advise Borrowers that they were pre-approved for a modification of the Loan.
26  True and correct copies of relevant excerpts from Ocwen's records regarding the March 16, 2015
27  call are collectively attached hereto as **Exhibit 15**.

28

**DECLARATION OF OCWEN LOAN SERVICING, LLC
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

///

23.     On April 16, 2015, Ocwen received a partially completed copy of the Fourth Application via facsimile (the "Submitted Application"). The Submitted Application consisted of pages 5 through 16 of the Fourth Application and was not supported by any additional documents. A true and correct copy of the facsimile that Ocwen received on April 16, 2015, is attached hereto as **Exhibit 16**.

24.     On April 20, 2015, Ocwen sent Borrowers a letter wherein it acknowledged its receipt of the Submitted Application. A true and correct copy of the letter is attached hereto as **Exhibit 17**.

25.     On April 21, 2015, Ocwen reviewed the Submitted Application and determined that it was incomplete. That same day, Ocwen sent Borrowers a letter wherein it informed them that the Submitted Application was incomplete and listed the additional documents that Ocwen required to complete the Application. A true and correct copy of the letter is attached hereto as **Exhibit 18**.

26.     On April 28, 2015, Ocwen received a twenty-two page facsimile (the "Supplemental Submission") from Borrowers containing: (a) a letter of explanation; (b) a hardship letter; (c) a Profit & Loss Statement; and (d) a copy of Borrowers' 2013 tax returns. The Supplemental Submission was the only other document submission that Ocwen received from Borrowers in support of the Submitted Application. Ocwen did not receive any documents from Borrowers explaining how their financial circumstances had changed at any point in time between September 26, 2013, and the date they submitted the Submitted Application. A true and correct copy of the facsimile is attached hereto as **Exhibit 19**.

### *The Post-Submission Conversations*

27.     On April 28, 2015, an Ocwen representative spoke with Frank Cornejo regarding the Submitted Application. The representative advised Mr. Cornejo that Ocwen would not have enough time to review the application prior to the foreclosure sale of the Property, which was scheduled for April 29, 2015. Without making any promises to Borrowers, Ocwen nevertheless attempted to postpone the sale, but was unable to do so before the scheduled sale date and time of April 29, 2015, at 10:00 a.m. True and correct copies of relevant excerpts from Ocwen's records regarding the April

1    28, 2015 call with Mr. Cornejo are collectively attached hereto as **Exhibit 20**.

2         28.    On April 28, 2015, an Ocwen representative had a separate conversation with Dora

3    Cornejo. During that call, Mrs. Cornejo represented that Borrowers had been suffering a financial

4    hardship since December 1, 2012. True and correct copies of relevant excerpts from Ocwen's

5    records regarding the call are collectively attached hereto as **Exhibit 21**.

6                                        ***The Bankruptcy Notice***

7         29.    On April 29, 2015, an Ocwen representative spoke with Dora Cornejo at which time

8    Mrs. Cornejo advised that Frank Cornejo filed for bankruptcy. True and correct copies of relevant

9    excerpts from Ocwen's records regarding the April 29, 2015 call are collectively attached hereto as

10   **Exhibit 22**.

11        30.    On April 29, 2015, Ocwen received a Notice of Filing Report of No Distribution via

12   facsimile which purported to reflect that Frank Cornejo was a debtor in a bankruptcy case pending in

13   the U.S. Bankruptcy Court for the Eastern District of California (the "Bankruptcy"). A true and

14   correct copy of the facsimile is attached hereto as **Exhibit 23**.

15                                        ***The Post-Sale Events***

16        31.    On April 29, 2015, the Property was sold at a non-judicial foreclosure sale.

17        32.    On April 30, 2015, Ocwen sent Borrowers a letter wherein it acknowledged its receipt

18   of the Supplemental Submission. A true and correct copy of the letter is attached hereto as **Exhibit**

19   **24**.

20        33.    Due to its mistaken belief that the foreclosure sale could be rescinded, which was

21   based, in part, on the Bankruptcy, Ocwen continued to review the Submitted Application after the

22   foreclosure sale.

23   ///

24   ///

25   ///

26   ///

27   ///

28
                                                7        CASE NO. 1:15-cv-00993-AWI-JLT
                               **DECLARATION OF OCWEN LOAN SERVICING, LLC**
                               **IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

1 | ///

2 | ### OTHER CONSIDERATIONS

3 |     34.    To be considered for a first lien loan modification, Ocwen requires borrowers to

4 | submit a complete loan modification application at least seven business days before a scheduled

5 | foreclosure sale date. At no point in time did Ocwen waive this requirement for Borrowers. Nor did

6 | Ocwen advise Borrowers that the Submitted Application was complete at any point in time prior to

7 | the April 29, 2015 foreclosure sale of the Property.

8 |     35.    None of the letters attached to this declaration were returned to Ocwen as

9 | undeliverable.

10 |     I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th

11 | day of July, 2016, in Palm Beach County, Florida.

Print Name: Howard R. Handville

**DECLARATION OF OCWEN LOAN SERVICING, LLC**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

680613.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**     )
                              )    **ss.**
**COUNTY OF ORANGE**       )

I, Stephanie Elizondo, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On July 15, 2016, I served the document(s) described as follows:

**1.**     **DECLARATION OF OCWEN LOAN SERVICING, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

☐    **BY MAIL**: As follows:

     ☐    **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒    **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on July 15, 2016, at Irvine, California.

_____
Stephanie Elizondo

550597.1

1

2

**SERVICE LIST**
**USDC, Eastern District Case No. 1:15-cv-00993-JLT**
**FRANK CORNEJO, et al. v. OCWEN LOAN SERVICING, LLC, et al.**
**File # 104938.0948**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Giandominic Vitiello, Esq.
KATCHKO, VITIELLO & KARIKOMI, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA  90064

Attorney for Plaintiffs **FRANK CORNEJO and**
**DORA CORNEJO**

Tel.: (310) 943-9587
Fax: (424) 204-0401
Email: gdvitiello@kvklawyers.com

550597.1