UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CORNEJO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-000993 - JLT<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE<br><br>(Doc. 48) |

The defendants contend Dora Cornejo seeks to testify as to matters about which she lacks personal knowledge. On this basis, they seek to preclude her from doing so.

**I.  Legal Standards Governing Motions in Limine**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of

evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," C & E Services, Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150 (2000).

Moreover, the rulings on the motions in limine made here does not preclude either party from raising the admissibility of the evidence discussed here, if a change of circumstances occurs that would make the evidence admissible. In this event, the proponent of the evidence **SHALL** raise the issue outside the presence of the jury. Finally, the rulings made here are binding on all parties.

**II.    Defendants' Motion in Limine**

The defendants anticipate that Dora Cornejo will offer testimony upon which she lacks personal knowledge. (Doc. 48 at 3) They note that at her deposition, she repeatedly answered "I don't recall" to questions posed to her. Id. When they asked her whether there were documents that could refresh her recollection, she referred only to her previously made document production. Id. However, at the deposition, the defendants contend they reviewed the documents from her production with her and this did not refresh her recollection or the documents upon which she relied constituted hearsay. Id.

The plaintiffs oppose the motion and argue that Ms. Cornejo gave extensive testimony and the defendants cite to limited portions of her testimony as problematic. Thus, they argue Ms. Cornejo's testimony should not be excluded.

**A.    A witness must have personal knowledge**

Federal Rules of Evidence Rule 602 precludes a witness from testifying except as to matters within her personal knowledge. A witness can establish she has personal knowledge by testifying about how she heard, saw or did something that is relevant to the case.

It appears that one of the defendants' concern centers around what documents were sent by Ms.

Cornejo and when. From the excerpts of the testimony submitted by the parties, it is unclear to the Court whether Ms. Cornejo currently knows this. For example, when asked what documents were faxed by Ernest Cortez, she replied, "The documents that were requested." (Doc. 49-1 at 14) The defendants' attorney attempt to clarify what documents this included and Ms. Cornejo responded, "I can't remember exactly what documents, but the ones requested by – by them." Id. Again, the attorney attempted to find out what documents were sent by Mr. Cortez and Ms. Cornejo answered, "I don't recall the list [of documents]." Id. When the attorney asked Ms. Cornejo whether there were documents that refresh her recollection, she referred to her document production. Id. at 14-15. From the excerpts provided, however, the Court cannot determine whether Ms. Cornejo was ever able to identify the document produced even after reviewing the document production.

In addition, Ms. Cornejo was inconsistent about whether there were additional documents submitted after the initial set of documents were provided. (Doc. 49-1 at 16) Also, when asked when the profit and loss statement was submitted and despite it being dated April 22, 2015[1], she could not say when it was prepared or when it was sent. Id. at 19. However, she agreed that it could not have been submitted on April 16, 2015. Id. at 20.

Also, when asked about when a particular conversation occurred in which Diane Cortez, Ms. Melissa and the plaintiff spoke to a representative of Ocwen, Ms. Cornejo could not recall the date. (Doc. 9-1 at 11) When asked the date of the conversation, she replied, "I couldn't tell you the date. They're in the transcripts." Id. This was clarified to indicate that when Ms. Cornejo referred to "transcripts," she was referring to notes. (Doc. 49-1 at 11-12) However, it is unclear whether she prepared the notes or whether Diana Cortez did so. Moreover, it is unclear, if the notes contain the date, whether the notes refresh Ms. Cornejo's recollection as to the date or whether she simply relies upon the notes as accurate.

On the other hand, the "timeline" prepared by Diana Cortez is not based upon anyone's

---

[1] The plaintiffs assert that a "critical date to the allegations is April 28, 2015, the date on which Mrs. Cornejo submitted additional documents in to Ocwen in response to a last minute request from Ocwen for a new Profit and Loss Statement and Tax Return. Mrs. Cornejo testified that she remembered those documents and participated in their creation." (doc. 50 at 3) However, the excerpt of Ms. Cornejo's deposition provided by the plaintiffs does not indicate she recalls the April 28, 2015 date. Rather, she indicates only when one document "was made." (Doc. 51-1 at 5) The excerpted transcript does not indicate that it was sent on April 28, 2016. Id.

recollection of the events. (Doc. 49-1 at 24-26)  Instead, it is a summary of Ms. Cornejo's interpretation of the "compiled documents" and the dates on which Diana Cortez determined that the events occurred. Id.  Once again, from her deposition, it does not appear that the timeline refreshed Ms. Cornejo's recollection but, instead, she simply relies upon it as if it were accurate without any showing that it is accurate.

The Court agrees that Ms. Cornejo—and every other witness—may testify *only* based upon his or her personal knowledge.  It appears that Ms. Cornejo, though she was present when certain events occurred, no longer can recall when they occurred or, indeed, exactly what occurred.  For example, she knows that documents were sent to Ocwen but cannot say exactly what documents were sent or when.

Likewise, she is not permitted to testify about hearsay statements, which includes information contained in the timeline or notes provided by Diana Cortez or Ernest Cortez or statements that they say were made by Ocwen representatives.  The requirement that a witness have personal knowledge of the facts about which she testifies and that she refrain from testifying to inadmissible hearsay statements, is not limited to Ms. Cornejo; this is required of all witnesses.

Thus, the defendants' motion in limine is **GRANTED in PART** and **DENIED in PART** as follows:

1.   Ms. Cornejo may testify only from her personal knowledge on all topics.  Before she testifies about which documents were sent to Ocwen and when, her counsel SHALL demonstrate, outside the presence of the jury that she provided this information at her deposition, whether from her own unassisted memory or from her memory after it was refreshed.  However, she is not precluded from testifying in total.

IT IS SO ORDERED.

Dated:   **September 15, 2016**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE