**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK CORNEJO, et al., ) | Case No.: 1:15-cv-000993 - JLT |
| Plaintiffs, ) | ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW |
| v. ) | |
| OCWEN LOAN SERVICING, LLC, et al., ) | |
| Defendants. ) | |

The defendants contend the plaintiffs failed to meet her burden of proof and, according to Rule 50, they are entitled to judgment as a matter of law.

**I.    Legal Standards Governing Motions for Judgment**

Under Fed. R. Civ. P. 50, a party is entitled to judgment as a matter of law if the Court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for that party." Fed. R. Civ. P. 50(a). In that event, the Court may resolve the issue against the party and grant judgment in favor of the moving party. Id.

At the close of evidence, the defendants moved the Court for judgment as a matter of law. The defendants argued that there was insufficient evidence the application for the modification of the mortgage was not complete, that the application was not timely and that there was no evidence the defendants acted willfully, recklessly and intentionally. The Court disagrees.

The plaintiffs presented evidence that they provided the additional information requested by

1

1 Ocwen at approximately 10:30 a.m. (PST) on April 28, 2015.  They admitted the fax confirmation sheet
2 supporting this claim and Ocwen's notes indicate the documents were received, though not at the time
3 the plaintiffs claim to have sent them.  In addition, the plaintiffs introduced the letter from Ocwen sent
4 to them a few days after the home was sold at foreclosure, confirming that Ocwen was offering them a
5 loan modification.  Thus, though Ocwen did not confirm on April 28, 2016 that the application was
6 complete, a reasonable jury would have a sufficient legal basis to conclude that because Ocwen did not
7 require anything more from the plaintiffs after the April 28, 2015 and determined that the loan
8 modification would be offered within days after the foreclosure sale, that the Cornejos provided a
9 complete application.

10 In addition, as discussed above, the plaintiffs contended they submitted the complete application
11 about 24 hours before the foreclosure sale.  The Court is aware that Ocwen's evidence indicated that the
12 complete application was required to be provided by midnight on April 27, 2015 to be timely because
13 Ocwen needed at least 24-hours before the foreclosure sale to confirm that the application was
14 complete.  Despite this, the documents provided to the plaintiffs provided ambiguous information as to
15 when the documents had to be received because it referred to a deadline by midnight on the business
16 day before the foreclosure sale.  The Court concludes that, while the evidence on this point was not
17 strong, a reasonable jury, if it relied on the plaintiff's version of the evidence, would have a legally
18 sufficient evidentiary basis for finding the plaintiffs' application was made timely.

19 Finally, again, the plaintiffs presented evidence from which the trier of fact could infer that
20 Ocwen received a complete application on April 28, 2015 at around 10:30 a.m. (PST).  This was nearly
21 24 hours before the foreclosure sale and the evidence showed that Ocwen was able to delay the prior
22 foreclosure sale date with only seven hours' notice.  In addition, the plaintiffs introduced e-mail
23 communications to the foreclosure company in which Ocwen affirmed in the hours before the sale that
24 the sale was "good to go," despite Ocwen having received a complete and timely application. When put
25 together and if believed, a reasonable jury would have a legally sufficient evidentiary basis to determine
26 Ocwen acted intentionally, willfully and recklessly when completing the sale.

27 Thus, though this evidence may be insufficient to convince many, the Court cannot conclude
28 that a reasonable jury would not have a legally sufficient evidentiary basis upon which to find in favor

of the plaintiffs. Consequently, the Court must **ORDER:**

1. Defendants' motion for judgment as a matter of law under Rule 50 is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 28, 2016**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE