UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CORNEJO, et al., )<br>　　　　Plaintiffs, )<br>　　v. )<br>OCWEN LOAN SERVICING, LLC, et al., )<br>　　　　Defendants. ) | Case No.: 1:15-cv-00993 - JLT<br><br>ORDER REJECTING DEFENDANTS' AFFIRMATIVE DEFENSE |

　　　The defendants assert that they are entitled to the protections of California's Civil Code section 2924.12 which immunizes "a signatory to a consent judgment" entered into by the United States government and certain large banks, including Residential Capital LLC. Though it appears that Ocwen obtained the obligations imposed by the consent judgment, there is no showing that the California Legislature intended the immunity to flow to the successors or assignees of the original signatories. Thus, the Court must find that the immunity does not apply.

**I.　　Background**

　　　In this case, the Cornejos defaulted on their loan serviced by Ocwen and owned by U.S. Bank National Association as Trustee. They contend that Ocwen improperly foreclosed on their real property in violation of state law. Though the jury rendered a verdict in favor of the Cornejos, the defendants contend that the immunity set forth in California's Civil Code section 2924.12 precludes judgment in the plaintiffs' favor.

## II. The statutory immunity provided by Civil Code § 2924.12

According to the documents (DX 586[1]) of which the Court took judicial notice, the consent judgment is between the United States of America and several of the states—including California—and Residential capital, LLC, Ally Financial, Inc. and GMAC Mortgage, LLC. (DX 586-1)  The consent judgment remained in effect for 42 months from the date entered by the Court and was set to expire on approximately October 4, 2015. (DX 586-6 ¶¶ 14-15)  In addition, the consent judgment reads, "Nothing in this consent Judgment shall relieve Defendant of its obligation to comply with applicable state and federal law." (DX 586-7 ¶ 17)

In 2012, California enacted Civil Code section 2924.12(g) which provides immunity from liability for the signatories. This section reads,

> **A signatory** to a consent judgment entered in the case entitled United States of America et al. v. Bank of America Corporation et al., filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC, **that is in compliance with the relevant terms of the Settlement Term Sheet** of that consent judgment **with respect to the borrower who brought an action** pursuant to this section **while the consent judgment is in effect shall have no liability** for a violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

(Emphasis added.)  As noted above, Ocwen was not a signatory to the consent judgment but purchased all of the servicing agreements held by ResCap.  (DX 584-94 ¶ 2.2, 2.3)  While the agreement allowed ResCap to exclude some of the servicing agreements (DX 584-94 ¶ 2.3), the documentation from Ocwen and testimony by its representative, Mr. Blanchard, within and without the presence of the jury, shows that the Corenjo's loan originated from "RESCAP."  (JT 4-27)  Thus, the defendants have presented uncontradicted evidence the Cornejos' loan was one held by ResCap and purchased by Ocwen in November 2012. (DX584-52)  Notably, part of the order of the Bankruptcy Court authorizing the sale obligated Ocwen to assume the obligations under the Consent Judgment issued in <u>United States of America v. Bank of America</u>, described above.  (DX 584-30 ¶ 32; DX 584-172)

However, the plaintiffs note that Ocwen did not buy the benefits of the settlement agreement executed by ResCap.  (Doc. 99 at 6)  The purchase agreement reads,

> Notwithstanding anything herein to the contrary, Sellers will not sell, assign, convey, transfer or deliver to Purchaser, and Purchaser will not purchase, acquire or assume or take assignment or

---

[1] DX586 is not complete.  There appear to be eight exhibits to the consent judgment.  However, only a portion of Exhibit A is provided.  It appears Exhibit A contains the "Servicing Standards" required of the defendant. (DX 586-4)

> delivery of, any and all assets, Contracts or rights that are not expressly Purchased Assets or Assumed Contracts, whether tangible, real, personal or mixed (collectively, the "Excluded Assets"). For the avoidance of doubt, Excluded Assets include the following:
>
> [¶¶]
>
> (i) the Consent Order, the DOJ/AG Settlement [defined as "the Consent Judgment filed with the U.S. District Court for the District of Columbia on March 12, 2012 to which AFI, ResCap and GMAC Mortgage are parties"] and the Contracts, including rights and licenses thereunder; and other assets Related to the Business set forth on Schedule Q . . .

(DX584-94; DX 584-95)  Moreover, the order of the United States Bankruptcy Court approving the sale of the ResCap servicing agreements reads, "**Consent Order and DOJ/AG Settlement Order.** Notwithstanding anything herein to the contrary, including, without limitation, any findings and any assertion, agreement, pleasing, or other document made or filed in connection with the Sale, the Sale Motion, the Sale Procedures Order, the Sale hearing, or this Sale Order, **this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, . . . (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia dated February 9, 2012 (the "Consent Judgment"**) . . ."  (DX 584-30, emphasis added)  Despite the language of the order and the purchase agreement, Ocwen was required to comply with the consent judgment.  (DX 584-133; DX 584-160-161; DX 590)  Thus, it appears that Ocwen purchased the obligations of the consent judgment but not the benefits.

On the other hand, there is no showing that the parties to the sale had the authority to extend the benefits of the immunity statute and, of course, attempting to do so would be contrary to law.  Rather, the language of the California law controls to whom the benefits of the statute run.  As noted above, the statute explicitly applies to the *signatories* of the consent judgment.

To determine the meaning of a California statute, the Court must determine "the intent of the Legislature so as to effectuate the purpose of the law." People v. Coronado, 12 Cal.4th 145, 151 (1995). The California Supreme Court first looks to the language of the statute, giving effect to the words' plain meaning; "[i]f the language is unambiguous, the plain meaning controls." Voices of the Wetlands v. State Water Res. Control Bd., 52 Cal.4th 499, 519 (2011)."

Courts are required to consider the context of the statute in determining the plain meaning and to recognize where the statute uses a term of art.  See In re Marriage of Davis, 61 Cal.4th 846, 189

1 (2015).  Courts are obligated to assign to words, their plain and commonsense meaning. Ste. Marie v.
2 Riverside Cty. Reg'l Park & Open-Space Dist., 46 Cal.4th 282, 288 (2009).  Here, of course, the word
3 "signatories" has a plain meaning that is not unique to the context of the statute.  Rather, it conveys the
4 meaning that it applies to those entities who signed the consent judgment.

5 The defendants argue that the limiting the immunity to the signatories of the consent judgment
6 would thwart the intent of California's Legislature.  (Doc. 98 ay 6-7)  Toward this end, the defendants
7 assert that the purpose of the statute is to not interfere with the obligations of the consent judgment.  Id.
8 at 3.  The defendants observe that the intent of § 2924.12 is stated as, "Nothing in this article obviates
9 or supersedes the obligations of the signatories to the consent judgment entered in the case entitled
10 United States of America et al. v. Bank of America Corporation et al., filed in the [U.S.] District Court
11 for the District of Columbia, case number 1:12-cv-00361-RMC."  (Doc. 98 at 4)  The defendants
12 translate this express language to mean that because § 2924.12 was not intended to relieve ResCap of
13 its obligations under the consent judgment and Ocwen is fulfilling these obligations it is entitled to the
14 immunity.  Unfortunately, there is a gap in this logic.

15 The Legislature clearly intended the Homeowners' Bill of Rights to allow those facing
16 nonjudicial foreclosure to have a meaningful opportunity to mitigate their losses.  Cal. Civ. Code §
17 2923.4(a).  Rather than seeking to bestow benefits on the mortgagors, the HBOR provides benefits to
18 the mortgagees.  With this view, the purpose set forth in § 2923.4 cited above, seems to indicate *only*
19 that the HBOR intends not to interfere with the obligations of the parties to the consent judgment.  This
20 is a far cry from voicing the intent to bestow a benefit on any servicing company who, ultimately, is the
21 provider at the time of the foreclosure.  Indeed, given how frequently servicing companies change, the
22 defendants' interpretation seems to imply the immunity follows the mortgage, rather than flowing only
23 to the signatory.  Had this been the Legislature's intent, however, the statute would have included the
24 language "or assigns or successors" when describing for whom the immunity lies.

25 Moreover, accepting the defendants' interpretation of the statute would require the Court to
26 contradict the express language of the statute which identifies only "the signatories" to the consent
27 judgment as those who will receive the benefits of the immunity.  Rejecting this interpretation is
28 consistent with the purpose statement set forth in Civil Code § 2923.4, which indicates a desire not to

interfere with the signatories' obligations set forth in the consent judgment. <u>Ste. Marie</u>, 46 Cal.4th at 289. [The Court must "read statutes as a whole so that all parts are harmonized and given effect."]

Likewise, this interpretation is consistent with the purchase agreement between Ocwen and ResCap and the Bankruptcy Court's order which does not relieve ResCap of liability for its lack of compliance with the consent judgment *despite* the sale of the servicing agreements to Ocwen. (DX 584-30)

## ORDER

Being bound by the rules of statutory interpretation, the Court concludes that the immunity provided by California's Civil Code section 2927.12(g) does not protect Ocwen.  Thus, the Court **ORDERS**:

1. The affirmative defense set forth in California's Civil Code section 2927.12(g) is **REJECTED** and does not apply to this case.

IT IS SO ORDERED.

Dated:   **November 15, 2016**              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE