**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FRANK CORNEJO, et al., | ) | Case No.: 1:15-cv-00993 - JLT |
| | ) | |
| Plaintiffs, | ) | ORDER DIRECTING THE ISSUANCE OF THE |
| | ) | JUDGMENT UNDER FED.R.CIV.P. 58(b) |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 21, 2016, the jury returned a verdict in favor the plaintiffs.  Part of this verdict included a finding that the defendants' conduct was intentional, reckless or willful. Under California law, the Court must award the greater of three times the actual damages or $50,000.  Next, as agreed pretrial, the Court required the jury to consider whether Dora Cornejo suffered emotional distress damages.  The jury found she did and determined an amount.

For the reasons set forth below, the Court directs the Clerk of the Court to issue the judgment in favor of the plaintiffs in an amount that includes the actual economic damages and the treble the actual economic damages but that does not include the emotional distress damages.

**I.      The statute**

Under California's Homeowners' Bill of Rights, the state legislature developed a comprehensive scheme to afford a meaningful opportunity for homeowners to avoid foreclosure.  See Cal. Civ. Code § 2923.4(a). Toward this end, the statute allows a plaintiff to recover actual damages

1

1    and penalties if there is a material violation of a foreclosure provision.  Section 2924.12(b) provides,

2    **After a trustee's deed upon sale has been recorded, a mortgage servicer,** mortgagee,

3    trustee, beneficiary, **or authorized agent shall be liable to a borrower for actual economic damages** pursuant to Section 3281, resulting from a material violation of

4    Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 **by that mortgage servicer**, mortgagee, trustee, beneficiary, **or authorized agent where the**

5    **violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or**

6    **reckless, or resulted from willful misconduct by a mortgage servicer,** mortgagee, trustee, beneficiary, **or authorized agent, the court may award the borrower the**

7    **greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).**

8    Before the trial began, the parties disagreed as to the damages the plaintiffs could recover for

9    the penalty.  Though both sides agreed that the plaintiffs were limited to actual economic losses to

10   compensate them for their losses, they disagreed as to the amount the plaintiff could recover as a

11   penalty. The defendants argued that the plaintiffs were entitled to recover three times their economic

12   losses as the penalty[1].  The plaintiffs argued they could recover three times their economic losses but

13   could also recover three times these losses when added to the emotional distress damages the jury

14   awarded.

15   The Court found this to be a tortured interpretation of the statute and refused to request the jury

16   make a determination about emotional distress damages.  However, the Court relented in allowing the

17   jury to consider the question <u>only</u> to preserve the issue for appeal.  Though the parties reserved their

18   right to appeal, they acquiesced to this process.

19   **I.      Rule 58**

20   Under Federal Rules of Civil Procedure 58(b)(2), the Clerk may enter judgment only after the

21   Court's approval where the jury returns a special verdict with answers to written questions or where the

22   Court grants relief not described in the jury's verdict.

23   Here, the jury determined that the plaintiffs should be awarded a penalty but not the amount of

24   the  penalty.  Thus, the verdict cannot be entered without the Court's order.

25   **II.     Statutory Interpretation**

26   To determine the meaning of a California statute, the Court must determine "the intent of the

27

28   [1] Both sides agreed that the statutory amount would be the greater of $50,000 or three times the damage amount.  The Court ignores the $50,000 minimum since the jury's determination makes this provision irrelevant.

2

1  Legislature so as to effectuate the purpose of the law." People v. Coronado, 12 Cal.4th 145, 151 (1995).

2  The California Supreme Court first looks to the language of the statute, giving effect to the words' plain

3  meaning; "[i]f the language is unambiguous, the plain meaning controls." Voices of the Wetlands v.

4  State Water Res. Control Bd., 52 Cal.4th 499, 519 (2011)."

5        Courts are required to consider the context of the statute in determining the plain meaning and

6  to recognize where the statute uses a term of art.  See In re Marriage of Davis, 61 Cal.4th 846, 189

7  (2015).  Courts are obligated to assign to words, their plain and commonsense meaning. Ste. Marie v.

8  Riverside Cty. Reg'l Park & Open-Space Dist., 46 Cal.4th 282, 288 (2009).

9        As noted above, there is dispute as to whether actual economic damages are recoverable only or,

10  whether, if there is an entitlement to treble damages, that the trebled amount should include emotional

11  distress damages also.  Notably, in the statute, the Legislature took pains to ensure that the

12  compensatory damages awardable included only "actual economic losses."  In doing so, it explicitly

13  excised emotional distress as a component of damages.  The difficulty is, of course, that when

14  discussing the availability of treble damages, the statute refers to "actual damages" and does not include

15  the descriptor, "economic."  The Court acknowledges that the phrase "actual damages," when

16  considered in the legal field, generally is considered to be synonymous with "compensatory damages,"

17  which include damages for emotional harm. However, the phrase "actual damages," in the lay sense

18  would refer to those losses that are measurable.  Moreover, when considering the context of the statute,

19  the phrase "actual damages" seems to refer to the damages previously determined rather than intending

20  that a new "actual damages" amount be determined—and thus determining emotional distress

21  damages—before trebling it.

22        This is supported by logic.  A person who loses her home to a wrongful foreclosure suffers no

23  lesser emotional harm than one who loses her home to a wrongful foreclosure due to the intentional,

24  reckless or willful conduct of the mortgage servicer.  Thus, to suggest that the former plaintiff should

25  not receive emotional distress damages but the latter one should, introduces capriciousness into the

26  statute.  To the contrary, the Legislature intended the outrage suffered by the intentional, reckless or

27  willful wrongful foreclosure to be adequately compensated by the trebling of the economic losses or,

28  anticipating that those losses may be quite small, the award of the statutory amount of $50,000.  Indeed,

1    it makes no sense to suggest that the Legislature, when denying emotional distress damages initially,

2    would reverse itself and require a penalty that bears no relation to the economic damages plaintiff

3    would receive, to be awarded otherwise.

4        The Court agrees with the rationale of Balmoral Hotel Tenants Assn.v. Lee, 226 Cal.App.3d

5    685 (1990).  In Balmoral, two groups of tenants sued the landlord for various unlawful actions

6    including wrongful eviction. Id. at 688.  The tenants succeeded at trial and received an award for breach

7    of the covenant of quiet enjoyment, breach of the implied warranty of habitability, negligent infliction

8    of severe emotional distress and intentional infliction of emotional distress. Id.  As required by the local

9    housing ordinance, the court trebled the "actual damage" award, which included the emotional distress

10   awards. Id.

11       On appeal, the Balmoral court first took issue with the use of the word "actual" when coupled

12   with the word "damages." Id. at 690.  The Court concluded that if the Legislature intended all damages

13   to be trebled, it would not have needed to include the word "actual." Id.  Instead, "actual" when used

14   with "damages" must mean a limitation on the damages awardable, concluded the court. Id.  The court

15   agreed also that "actual," when used in the lay sense, referred to damages that were capable of exact

16   measurement. Id.  The court held,

17       An interpretation of "actual damages" as referring narrowly to out-of-pocket expenses is
         most consistent with the legislative purpose underlying the treble damage provision of
18       the section. As explained in Kelly v. Yee (1989) 213 Cal.App.3d 336 [261 Cal.Rptr.
         568], "lawsuits over wrongful evictions are likely to involve small amounts of money
19       that may not justify the costs of litigation-expecially in the case of suits brought by the
         very type of tenant the ordinance is especially intended to protect: 'senior citizens, *691
20       persons on fixed incomes and low and moderate income households.' (San Francisco
         Admin. Code, § 37.1, subd. (b)(2).) If civil remedies in aid of these tenants are to be
21       meaningful, they must provide sufficient financial incentive to justify bringing suit. The
         award of treble damages very clearly serves such a purpose." (Id. at p. 341.) The
22       plaintiffs in Kelly in fact recovered damages of only $1,788 and $3,164. If these
         damages were not trebled, they might not have had the economic incentive to incur the
23       expense of protracted litigation.

24   Balmoral, at 690–91.  Balmoral observed, "As the present case illustrates, damages for mental anguish

25   may well provide sufficient economic incentive to bring suit without any trebling. The assessment of

26   damages for mental suffering, of course, involves considerable variability, but **only verdicts at the**

27   **lower end of the spectrum are likely to be so modest as to call for trebling in order to compensate**

28   **the plaintiff for the expense of bringing suit**." Id. at 691, emphasis added.

Finally, <u>Balmoral</u> expressed concerns that if the trebled amount included emotional distress damages that the statute would unconstitutional in that it would award excessive penalties because the amount awarded would bear no relationship to the legitimate governmental purpose of encouraging tenants to challenge violations of the rent control ordinance.  <u>Balmoral</u>, at 691-697.  When considering the phrase, "actual damages," as used in the ordinance, the Court concluded,

> The phrase is unquestionably ambiguous; ordinary legal usage suggests that it includes damages for mental anguish, but the statutory context tends to favor a narrower meaning, limiting the phrase to economic losses. The former meaning will expose trebled awards to repeated constitutional attack and sometimes to constitutional invalidation; the latter avoids any issue of unconstitutionality. Thus, the question is whether we should impute to the legislative body a meaning that will infringe on constitutional limits, at least in some cases, or a meaning that stays safely on the side of constitutionality. We conclude that the rule favoring the resolution of ambiguity in favor of constitutionality applies here. Courts should not impute to the legislative body an intent to authorize awards which would repeatedly be subject to complex ad hoc adjudications of constitutionality.

<u>Id</u>. at 697.

As in <u>Balmoral</u>, here, prospective plaintiffs under Civil Code section 2924.12 are unlikely to suffer large economic losses.  Logically, if they had extensive equity in their properties, they would be able to sell the properties to avoid the foreclosure.  Notably, the Cornejos had little equity given they had numerous liens placed on the real property due to other debts they owed.  Thus, their circumstances and those of other plaintiffs like them explain why the Legislature provided a penalty for intentional, willful or reckless conduct that was the greater of treble the economic damages or $50,000.

The award in this case, if the Court was to allow the emotional distress damage amount and add it to their economic losses and then treble it, the award would be more than $1 million and would equate to about six-and-a-half times the stipulated value of the house at the time of the sale.  Given the conduct found by the jury to have occurred in this case and the stated purpose of the HBOR, an award here that exceeds $1,000,000 is wildly excessive and would likely violate the Eighth Amendment. Thus, the Court concludes that the plaintiff's may not recover emotional distress damages in this case and the treble penalty may include only the economic losses found by the jury.

## ORDER

Based upon this reasoning, the Court **ORDERS**:

1.      The Clerk of the Court is **DIRECTED** to issue judgment in this case in favor of the

1   plaintiffs and against the defendants in the amount of $39,642 in economic losses and $118,926 in

2   treble damages for the intentional, reckless or willful conduct found by the jury.  Thus, the total amount

3   awarded is $158,568.

4

5   IT IS SO ORDERED.

6       Dated:    **November 15, 2016**              **/s/ Jennifer L. Thurston**

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28